## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): James C. Adams | | Docket or Case No.: 1216-CV09524 |
| Place of Confinement: Eastern Reception Diagnostic Correctional Center | Prisoner No.: 1216910 | |
| Petitioner (include the name under which you were convicted) James C. Adams | Respondent (authorized person having custody of petitioner) State of Missouri | |

**v.**

The Attorney General of the State of

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Jackson County Circut Court 1300 Cherry, KCMO 64106

    (b) Criminal docket or case number (if you know): 116-CR-03743

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing: March 8, 2012

3.  Length of sentence: (15) years Voluntary Manslaughter Aca (10) years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty        ☑ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?



(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Jackson County Circut Court 1300 Cherry K C. Mo 64134

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: 24,035

(5) Grounds raised: ineffective assistance of counsel, coercion, tried to
withdraw guilty plea and sentencing court did not Allow plea to
be withdrawn instead took recess. Misinformation About how
much time to be served after accepting plea.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes    ☐ No

(7) Result: OVER Ruled, and dismissed with prejudice

(8) Date of result (if you know): 11-12-14

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition: ☑ Yes   ☐ No

(2) Second petition: ☐ Yes   ☑ No

(3) Third petition: ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

MY Attorney Susan L. Hogan Advised me that She would not appeal to the missouri Supreme court because they only take so many cases a year, and That I should Just go on to Federal court.

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

Ineffective assistance of counsel/Counsel mislead and misinformed me as to how much time I would have to Serve under manslaughter plea. And I relied upon that misinformation when taking the Plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective assistance of counsel, MS. Hastings showed me a Salient factor, that the Prison uses, and misinformed me by saying that, "I would only Serve 5 years max on my Sentence because this is my first Prison term. So I accepted the Plea not knowing that the Parole board can make me serve until my conditional release date which is 8-19-2023 MS. Hastings never Said anything about doing 12 years" Teaver V. State, "A movants testimony that no promises were made to induce his guilty plea does not refute an allegation concerning affirmative misadvice about Parole eligibility. An attorneys advice is not the Same as a Promise. A defendant can say correctly he was promised nothing, but this does not mean he was given correct advice as to the effects of his Plea."

"Teaver v State, 2015 mo APP Lexis 1332." If Plea counsel affirmatively mis informs a Criminal defendant about Parole eligibility, and defendant reasonably relies upon that misinformation is claim of ineffective assistance of counsel may be deserving merit (meritorious) WEBB v State, 334 Sw3d 126 (mo banc (2011) A guilty plea could be considered involuntary if counsel mis informed the client to the Affects of his Plea because, my attorney Gave me improper Advice (see Back)

(b) If you did not exhaust your state remedies on Ground One, explain why:

I am not Sure if I did. I appeal all the way to missouri Western District court of appeals my lawyer Susan L. Hogan Advised me that She would not appeal to the missouri Supreme court because they only take So many Cases a year, and that I should Just go on to Federal court.

~~[scribbled out text]~~

4) While the failure to inform a client about parole eligibility does not render the attorney's representation ineffective, a plea may be considered involuntary if counsel misinforms the client as to the affects of the plea. The Missouri Court of appeals has observed this distinction by holding the counsel's misinformation renders the representation ineffective. This Supreme Court of Missouri adopts the distinction between failing to inform and misinforming and holds that, where counsel ~~misinfo~~ misinforms the client as to the ~~effects~~ effects of the client's plea, the counsel has rendered ineffective representation. (ER.i.c. WEBB V. State of Missouri) (334 S.W. 3d 126, *; 2011 mo. Lexis 80) His case and my case are identical.

3) Generally, a defendant's plea is not involuntary when a defendant pleads guilty to a crime without knowing that the crime carries a mandatory minimum penalty. Missouri case law draws a distinction between misinformation and failure to inform. Affirmatively misinforming - in contrast to failing to inform - a defendant about a mandatory minimum penalty does effect the voluntariness of a plea. (Hayes V. State) (466 S.W. 3d 39*; 2015 mo. App. Lexis 735, **)

C) It is not required that a defendant be informed about eligibility for parole for a plea to be entered voluntarily and intelligently; however, there is authority for the proposition that misinforming as opposed to failing to inform a defendant about parole eligibility may undermine the voluntariness of the plea. ~~[scribbled out text]~~

Robert Carl Gapske Appellant, VS State of Missouri SD 31404, 358 ~~SW3d~~ SW3d 566; 2012 mo App. Lexis 160

D) Ms. Hastings showed me the salient factor that the prison uses, and clearly misinformed me that I would serve no more than 33⅓% of my sentence or around 4 or 5 years in prison (Transcript page 32). I decided to plead guilty because I believed that I would serve no more than 33⅓% of my sentence (Transcript page 33-34)

Ms. Hastings agreed that she told me that I would have to serve about 30% of my fifteen-year sentence (Transcript page 9). SHE believed that information was accurate at the time she said that to me (Transcript page 10)

I told my lawyer multiple times that I didn't do the crime I'm accused of, and they found the the murder weapon on another man, who's first name is James and has a similar build to me. My finger prints weren't on any thing at the crime scene, but still the prosecutor said that he was using 45 shell they found at the crime scene, but the shells they found matches up to the Glock 21 that they found on James willis, on 8-18-11, a day before I was incarcerated. Ms. Hastings never brought any of these facts up at any pretrial motion. James willis and Cedric Ford were later convicted for shooting 3 people with the same Glock 21 that I was accused of having. Ms. Hastings was clearly ineffective by not bringing this up at any pre-trail hearings because that is not any trail strategy that a competent ~~attorney~~ attorney would use. And if these facts were br~~ought u~~p ~~...~~ my case.

(c) **Direct Appeal of Ground One:**   *N/A*

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   *29.035*

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

Just my 24.035, and 29.15 motions
If there is any other. I do not know about it.

**GROUND TWO:**
Ineffective ~~assistance~~ assistance fear coercion, Psychological coercion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~~See on~~ AT my plea hearing I went in and had my mind set that I would not accept the plea offered by the state. march 8,2012 I went in the court room and stated: "I cant take it. I'm sorry. I cant take it, I tried to, but I cant take it. I'm innocent. I cant." The Judge then goes on and askes me the same question, In different words, and after answering, and stating that I under stand what is to happen if I didnt accept the guilty plea. 4 times, but I started crying and could not answer. ~~See~~ The Judge called a recess instead of taking me to trail the following week. AT my Evidentiary hearing(24.035) my Lawyer testifies that during the recess She stated to defendant: "Knock it off and to man up and take his time and quit being a pussy about it". Evidentiary hearing trans. P.13. She psyched me out by doing this because She misinformed me by saying I would only serve 33⅓ percent of my sentence because it was my first time to prison. The hearing court found that the plea was voluntary based upon the plea colloquy, Both ~~us have~~ ruled that reciting the usual no-threats-no-promises litany at sentencing does not necessarily ensure that the plea is voluntary. WEBB v State 334 Sw3d 126,131 mo banc 2011) Padilla v Kentucky 130 S.ct. 1473(2010), SEE Back of PAGE

(b) If you did not exhaust your state remedies on Ground Two, explain why:

My Lawyer Said it is not any reason to send it up to the missouri supreme court Because they only take so many cases a year, and they wouldn't except mine.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 24.035 motion or 29.15

Name and location of the court where the motion or petition was filed:
Jackson county, missouri

Docket or case number (if you know):

Date of the court's decision:

Continued
Ground two

9) The missouri Court of Appeals for the western District has reached the Same conclusion in SHackleford v. State 51 Sw 2d 125,128 (mo. App wD 2001). ~~The evidence~~ Appellants AlforD Plea was not entered voluntarily and intelligently, and I am not Bound By my limited statement at the pled Sentencing colloquy where I presented clear and convincing evidence or misapprehension and psychological coercion. If I would have had a different attorney the out come would have been different because they wouldn't have psched me out, my attorney failed to excersie the customary skill and ~~dil~~ diligence that a resonably competent attorney would excerse in Similiar Circumstances.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Court of Appeals Western District, Missouri

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                   ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                           ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
           have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
           custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)      the date on which the judgment became final by the conclusion of direct review or the expiration
                  of the time for seeking such review;

           (B)      the date on which the impediment to filing an application created by State action in violation of
                  the Constitution or laws of the United States is removed, if the applicant was prevented from
                  filing by such state action;

           (C)      the date on which the constitutional right asserted was initially recognized by the Supreme
                  Court, if the right has been newly recognized by the Supreme Court and made retroactively
                  applicable to cases on collateral review; or

           (D)      the date on which the factual predicate of the claim or claims presented could have been
                  discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *That the Judgment of the Sentencing Court be Vacated and set aside*

or any other relief to which petitioner may be entitled.

X _____
                                                    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   *7-15-16*   (month, date, year).

Executed (signed) on   *7-15-16*   (date).

X _____
                                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *

James ADams #1216913
ERDCC
2727 Highway k
Bonne Terre, mo
63628

Clerk, United States District
Court for the Western District of
400 E Ninth St.
Kansas City, mo 64106

LEGAL
MAIL



02 1M
000 4280094
MAILED FROM ZIP CODE 63628
UNITED STATES POSTAGE
$ 00.000
JUL 29 2016
PRICE'S BOOKS

